UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
XUE LIAN LIN, ON BEHALF OF HERSELF AND                             :
OTHER PERSONS SIMILARLY SITUATED,                                  :
                                                                   :
                              PLAINTIFFS,                          :   Civil Action No.: 08 CV 6519 (PKC)
                                                                   :
           - AGAINST -                                             :
                                                                   :
                                                                   :
COMPREHENSIVE HEALTH MANAGEMENT,                                   :
INC. ET AL.,                                                       :
                                                                   :
                              DEFENDANTS.                          :
                                                                   :
------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DANIEL PARIETTI, TAMARA ROMERO, ANTHONY WOODS, GUANGNAN YI a/k/a FERNANDO YI, SHUK P. LEUNG a/k/a IVY LEUNG, KWOCKCHING HO a/k/a JOSEPH HO, and NAMTIN CHAN a/k/a ALEX CHAN'S MOTION TO DISMISS**

Megan K. Vesely (MV 6864)
Emmett F. McGee, Jr. (admitted pro hac vice)
Brett Ingerman (BI 4050)
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

Attorneys for Defendants
Comprehensive Health Management, Inc., Daniel Parietti, Tamara Romero, Anthony Woods, Guangnan Yi a/k/a Fernando Yi, Shuk P. Leung A/k/a Ivy Leung, Kwockching Ho a/k/a Joseph Ho, Namtin Chan a/k/a Alex Chan.

Defendants Daniel Parietti,[1] Tamara Romero, Anthony Woods, Guangnan Yi a/k/a Fernando Yi, Shuk P. Leung a/k/a Ivy Leung, Kwockching Ho a/k/a Joseph Ho, and Namtin Chan a/k/a Alex Chan (collectively the "Individual Defendants"),[2] by their undersigned counsel, submit this Memorandum in support of their Motion to Dismiss the Complaint[3] filed by Plaintiffs Xue Lian Lin, *et al.* (collectively, "Plaintiffs").

## I. INTRODUCTION

Plaintiffs seek damages and other relief against their former employer, Defendant Comprehensive Health Management, Inc. ("CHMI"), and several of its individual employees, the above-named Individual Defendants, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law, Art. 6, §§ 190 *et seq.* and Art. 19., §§ 650 *et. seq.* Specifically, Plaintiffs allege, among other things, that Defendants failed to pay the minimum wage for hours worked, overtime compensation for hours in excess of 40 during the week, and "spread of hours" compensation for hours in excess of 10 during the day, in violation of the FLSA and/or New York Labor Law.

This Court, however, has expressly limited individual liability for employees under the FLSA and New York Labor Law to "individuals with substantial control over the aspect of employment alleged to have been violated . . . not those who do not control the terms and

---

[1] In the Complaint, Mr. Parietti's name is incorrectly spelled as "Daniel Paritti."

[2] Although the Complaint does not include any specific allegations regarding the Individual Defendants' identities, responsibilities, or positions, for the convenience of the Court we note that the Individual Defendants are supervisors and managers in New York to whom Plaintiffs reported directly or indirectly.

[3] A copy of the Complaint ("Compl.") is attached as Exhibit A ("Ex. A") to the Declaration of Megan K. Vesely, dated December 4, 2008 ("Vesely Dec.").

2

conditions of employment." *Johnson v. A.P. Products, LTD*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996) (citations omitted). Plaintiffs' Complaint does not, and cannot, allege any facts sufficient to support a determination that the Individual Defendants had "substantial control" over Plaintiffs' "terms and conditions of employment."[1] Furthermore, Plaintiffs do not, and cannot, allege that the Individual Defendants exercised any control over the key "aspect of employment" that Plaintiffs allege was violated: the classification of Plaintiffs' positions as exempt from the overtime pay requirements of the FLSA and New York Labor Law. In fact, the Individual Defendants were not responsible for the classification of Plaintiffs' positions.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), the Individual Defendants should be dismissed with prejudice for failure to state a claim upon which relief can be granted. *See Bravo v. Eastpoint Intern., Inc.*, 2001 WL 314622, at *1-*2 (S.D.N.Y. 2001) (dismissing FLSA claim against individual defendant where plaintiffs alleged no fact which "would tend to establish" individual liability under the FLSA); *Johnson*, 934 F. Supp. at 629 (finding individual defendant not liable as "employer" under the Family and Medical Leave Act of 1993 ("FMLA") – which uses the same standard as the FLSA for determining individual liability – where the individual defendant did not exercise any control over the "aspect of employment" alleged to have been violated); *Shultz v. Thal Press, Inc.*, 1972 WL 857, at *2 (E.D.N.Y. 1972) (dismissing FLSA claim against corporate employee who did not have the "authority to fix policy" with respect to alleged FLSA violation).

---

[1] Plaintiffs were put on notice of this defect in their pleading during the Initial Pretrial Scheduling Conference on September 26, 2008. The Court gave Plaintiffs an opportunity to amend the Complaint to allege facts that would support individual liability by granting Plaintiffs leave to amend the Complaint by October 24, 2008. (*See* Civil Case Management Plan and Scheduling Order ¶ 3.) Plaintiffs failed to amend the Complaint to allege any facts that would support individual liability.

## II. STANDARD OF REVIEW

In reviewing the Individual Defendants' Motion to Dismiss under Rule 12(b)(6), the Court should assume the truth of all well-pleaded facts in the Complaint. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) (citations omitted); *Bravo*, 2001 WL 314622, at *2 (a "conclusory statement by itself is insufficient" to establish individual liability under the FLSA). Furthermore, the Complaint must contain "allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." *Olde Monmouth Stock Transfer Co., Inc. v. Depository Trust & Clearing Corp.*, 485 F. Supp. 2d 387, 391-92 (S.D.N.Y. 2007) (quoting *Yurman Design, Inc. v. Chaindom Enters., Inc.*, 2000 WL 897141, at *4 (S.D.N.Y. July 5, 2000)); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .") (internal citations omitted). Because Plaintiffs' Complaint does not allege sufficient facts to state a claim against the Individual Defendants, the Complaint should be dismissed as a matter of law. *See, e.g., Bravo*, 2001 WL 314622, at *1-*2 (dismissing FLSA claim against individual defendant where plaintiffs alleged no fact which "would tend to establish" individual liability under the FLSA).

## III. INDIVIDUAL LIABILITY UNDER FLSA AND NEW YORK LABOR LAW

To be liable under the FLSA for an overtime or minimum wage violation, one must be an "employer." *See, e.g., Johnson*, 934 F. Supp. at 628-29. The FLSA defines an "employer" as

4

including "any person acting directly or indirectly in the interest of an employer." 29 U.S.C. § 203(d). However, because the FLSA's definition of "employer," if taken literally, "would support liability against *any* agent or employee with supervisory power over employees," courts in the Second Circuit (and beyond) consider the "economic reality" of the relationship between the alleged employer and employee before imposing individual liability. *Johnson*, 934 F. Supp. at 628-29 (citations omitted; emphasis added). The "economic reality" test constrains the otherwise broadly applicable definition of "employer" found in the FLSA by limiting liability to those individuals with "substantial control over the aspect of employment alleged to have been violated . . . but not those who do not control the terms and conditions of employment." *Id.* at 629 (citations omitted); *see also Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998) (individual employees were not "employers" under the FLSA where they did not have "personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act"); *Baird v. Kessler*, 172 F. Supp. 2d 1305, 1311-12 (E.D. Cal. 2001) (finding individual managers and supervisors could not be personally liable for FLSA violations where they did not "control the very things which may lead to violations of the FLSA"), *aff'd*, 81 Fed. Appx. 249 (9th Cir. 2003); *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 802 (E.D. Ark. 1990) (rejecting argument that "any person who has any supervisory duties over employees, no matter how minimal, becomes an 'employer' within the meaning of the [FLSA]"); *Hernandez v. City Wide Insulation of Madison, Inc.*, 2006 WL 1993552, at *2 (E.D. Wis. 2006) (Because individual liability under the FLSA depends on the "individual's high position . . . and exercise of control, . . . courts generally reject the idea that a low level supervisor within a company can be individually liable.") (internal quotation marks and citations omitted).

5

New York Labor Law defines an "employer" as including any "person employing any [employee]." N.Y. Lab. Law § 651(6). The "economic reality" test applies to claims in federal court against individuals under New York Labor Law because the FLSA and New York Labor Law embrace similar standards; thus, federal courts considering cases involving both FLSA and New York Labor Law claims apply federal standards in deciding individual liability. *See, e.g., Chu Chung v. New Silver Palace Restaurants, Inc.*, 272 F. Supp. 2d 314, 319 n.6 (S.D.N.Y. 2003) ("Most courts agree that the test for determining whether an entity or person is an 'employer' under New York Labor Law is the same as the test . . . for analyzing employer status under the Fair Labor Standards Act.") (citations omitted).

## IV. ARGUMENT

1. PLAINTIFFS' COMPLAINT DOES NOT ALLEGE ANY FACTS TO SUPPORT INDIVIDUAL LIABILITY UNDER THE FLSA OR NEW YORK LABOR LAW.

Plaintiffs base their claims on the bald assertion that Defendants are "employers" under the FLSA and New York Labor Law. (Compl. ¶¶ 32-37, 40-41, 52). The Complaint, however, does not allege any facts to support a determination under the "economic reality" test that the Individual Defendants exercised "substantial control" over the applicable "terms and conditions of employment." Instead, Plaintiffs merely assert that "upon information and belief," Defendants generally were "employers . . . within the meaning of the FLSA" and "employed Plaintiffs within the meaning of the FLSA." (Compl. ¶¶ 40-41). Likewise, Plaintiffs simply assert that they were "employed" by Defendants "within the meaning" of New York Labor Law. (Compl. ¶ 52). Such "bald assertions and conclusions of law" are simply not sufficient to support Plaintiffs' claims against the Individual Defendants as a matter of law. *Leeds*, 85 F.3d at 53, 55 (dismissing action where complaint was based solely on plaintiff's "bare conclusion upon

information and belief"); *Bravo*, 2001 WL 314622, at *1-*2 (dismissing FLSA claim against individual defendant where the plaintiffs alleged no fact "which would tend to establish [the individual defendant's] power to control the plaintiff workers").

2. THE INDIVIDUAL DEFENDANTS CANNOT BE LIABLE AS "EMPLOYERS" BECAUSE THEY WERE NOT RESPONSIBLE FOR THE CLASSIFICATION OF THE PLAINTIFFS' POSITIONS AS EXEMPT UNDER THE FLSA AND NEW YORK LABOR LAW.

To qualify as an "employer," and thus be subject to individual liability for an FLSA or New York Labor Law violation, an individual must have "substantial control over the aspect of employment alleged to have been violated." *Johnson*, 934 F. Supp. at 629 (citations omitted). The crux of Plaintiffs' Complaint is that they have been misclassified as exempt employees under the FLSA and New York Labor Law. Plaintiffs' Complaint, however, does not, and cannot, allege that any of the Individual Defendants exercised any control over the classification of Plaintiffs' positions as exempt, and, in fact, none of the Individual Defendants was responsible for the classification of Plaintiffs' positions. Thus, Plaintiffs' Complaint fails as a matter of law and should be dismissed. *See Johnson*, 934 F. Supp. at 629 (finding individual defendant not liable as "employer" where the individual defendant did not exercise any control over the "aspect of employment" alleged to have been violated); *Shultz*, 1972 WL 857, at *2-*3 (dismissing FLSA claim against corporate employee who did not have the "authority to fix policy" with respect to alleged FLSA violation); *Baystate Alternative Staffing, Inc.*, 163 F.3d at 678 (individual employees were not "employers" under the FLSA where findings did not support the conclusion that they had "personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act"); *Baird*, 172 F. Supp. 2d at 1311-12 (finding individual managers and supervisors could not be personally liable for FLSA violations where they did not "control the very things which may lead to violations of the FLSA."), *aff'd*,

81 Fed. Appx. 249 (9th Cir. 2003); *Dole*, 751 F. Supp. at 802 (rejecting argument that "any person who has any supervisory duties over employees, no matter how minimal, becomes an 'employer' within the meaning of the [FLSA]"); *Hernandez*, 2006 WL 1993552 at *2 (Because individual liability under the FLSA depends on the "individual's high position . . . and exercise of control, . . . courts generally reject the idea that a low level supervisor within a company can be individually liable.") (internal quotation marks and citations omitted).

## V. CONCLUSION

WHEREFORE, the Individual Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiffs' Complaint against the Individual Defendants with prejudice.

Dated: December 4, 2008
New York, New York

DLA Piper LLP (US)

By: _____
Megan K. Vesely (MV 6864)
megan.vesely@dlapiper.com

Emmett F. McGee, Jr. (admitted pro hac vice)
emmett.mcgee@dlapiper.com

Brett Ingerman (BI 4050)
brett.ingerman@dlapiper.com
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500

Attorneys for Defendants Comprehensive Health Management, Inc., Daniel Parietti, Tamara Romero, Anthony Woods, Guangnan Yi a/k/a Fernando Yi, Shuk P. Leung a/k/a Ivy Leung, Kwockching Ho a/k/a Joseph Ho, Namtin Chan a/k/a Alex Chan.