UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
XUE LIAN LIN, CHING YEUNG, CHI YEUNG,
YU TING HUANG, YUK KAM YEUNG, YU
ZHANG, YAN YUN ZHAO, Individually and on
Behalf of Others Similarly Situated,

                      Plaintiffs,

        -against-

COMPREHENSIVE HEALTH MANAGEMENT,
INC. d/b/a WELLCARE, DANIEL PARITTI,
TAMARA ROMERO, ANTHONY WOODS,
GUANGNAN YI a/k/a FERNANDO YI, SHUK
P. LEUNG a/k/a IVY LEUNG, KWOCKCHING
HO a/k/a JOSEPH HO, NAMTIN CHAN a/k/a
ALEX CHAN,

                      Defendants.
-----------------------------------------------------------x

08 Civ. 6519 (PKC)

MEMORANDUM
AND
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-09

P. KEVIN CASTEL, District Judge:

        Plaintiffs bring this action against their former employer, Comprehensive Health Management, Inc. ("CHMI"), and several of its individual employees, Daniel Paritti, Tamara Romero, Anthony Woods, Guangnan Yi, Shuk P. Leung, Kwockching Ho, and Namtin Chan ("Individual Defendants"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") §§ 190 et seq. and 650 et seq. The Individual Defendants move to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, arguing that the complaint fails to allege facts sufficient to support a determination that each Individual Defendant was an "employer" within the meaning of the FLSA and NYLL. CHMI does not join in the motion. For the reasons explained below, the motion is granted.

## BACKGROUND

A. Facts

The following facts alleged in the complaint are accepted as true for the purposes of this motion.

Plaintiffs began working for CHMI between January 2005 and June 2007, and ceased working for CHMI on May 22, 2008. (Compl. ¶¶ 32-38.) During this period, plaintiffs worked as marketing representatives. (Id. ¶ 29.) Plaintiffs often worked in excess of forty hours per week. (Id. ¶ 31.) "Defendants willfully failed to pay Plaintiffs the applicable minimum wage for hours worked over 40, overtime compensation of one and one-half times the applicable minimum wage, and for an extra hour in each day Plaintiff worked over ten or more hours, in violation of the FLSA and the New York Labor Law." (Id.) Defendants did not post or keep posted a notice explaining the minimum wage and overtime pay rights provided by law. (Id. ¶ 38.) Defendants failed to make, keep and preserve records of the wages paid to plaintiffs or the hours worked by plaintiffs. (Id. ¶ 47.)

B. Procedural History

Plaintiffs filed their complaint on July 22, 2008. In the Civil Case Management Plan and Scheduling Order filed September 26, 2008, the Court granted plaintiffs leave to amend their complaint by October 24, 2008. (Doc. #11.) No amended complaint was filed by that date and the Individual Defendants thereafter moved to dismiss.

2

DISCUSSION

A. Motion to Dismiss

1. Legal Standard

Rule 8(a)(2), Fed. R. Civ. P., requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted) (alteration in original). For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. This "flexible 'plausibility standard,' . . . obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original), cert. granted, 128 S.Ct. 2931 (2008). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quotation omitted) (alteration in original). In deciding a motion to dismiss, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (quotation omitted). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quotation omitted) (alteration in original).

3

2. "Employer" Under the FLSA and NYLL

The FLSA applies to all those who qualify as "employers," defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Under the FLSA, an entity "employs" an individual if it "suffer[s] or permit[s]" that individual to work. Id. § 203(g). "This definition is necessarily a broad one, in accordance with the remedial purpose of the FLSA." Zheng v. Liberty Apparel Co., 355 F.3d 61, 66 (2d Cir. 2003). "The definition of 'employer' is similarly expansive under New York law, encompassing any 'person employing any [employee].'" Doo Nam Yang v. ACBL Corp., 427 F.Supp.2d 327, 342 (S.D.N.Y. 2005) (quoting N.Y. Lab. L. § 2(6)) (alteration in original).

To determine whether an individual qualifies as an "employer" under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, . . . with an eye to the 'economic reality' presented by the facts of each case." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (quoting Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961)) (citation omitted). To assess the "economic reality" of the situation, courts evaluate whether the individual (1) was able to hire and fire employees; (2) controlled work schedules or employment conditions; (3) determined the rate and method of payment; and (4) maintained employment records. Id.; see also Zheng, 355 F.3d at 71-72 (noting that Herman factors are not exclusive). This same analysis applies to claims brought under the NYLL. See Cannon v. Douglas Elliman, LLC, 06 Civ. 7092(NRB), 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007).

4

3. <u>Application</u>

To state a claim under the FLSA, plaintiff must allege that the Individual Defendants "possessed the power to control the workers in question." <u>Herman</u>, 172 F.3d at 139. Mere conclusory assertions are insufficient. <u>See, e.g.</u>, <u>Bravo v. Eastpoint Int'l, Inc.</u>, 99 Civ. 9474(WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (granting motion to dismiss because plaintiffs' allegation that individual defendant was "the principle [sic] owner and chairperson" of corporate defendant would not "tend to establish her power to control the plaintiff workers"); <u>Johnson v. A.P. Prods., Ltd.</u>, 934 F.Supp. 625, 629 (S.D.N.Y. 1996) (granting motion to dismiss because plaintiff failed to allege that defendant had "substantial control over the aspect of employment alleged to have been violated" where complaint "merely allege[d] that [defendant] is manager of human resources . . . and that she . . . terminated [plaintiff]").

The complaint does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment. The complaint merely alleges that "upon information and belief, Defendants were employers . . . within the meaning of the FLSA," and that "Defendants employed Plaintiffs within the meaning of the FLSA." (Compl. ¶¶ 40-41; <u>see also</u> <u>id.</u> ¶ 29 (alleging that "Plaintiffs were employed . . . for Defendants"); <u>id.</u> ¶¶ 32-37 (alleging that each plaintiff "was employed by the Defendants"); <u>id.</u> ¶ 52 (alleging that "Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law").) Such allegations are inadequate to state a claim because they are legal conclusions. <u>See</u> <u>Twombly</u>, 550 U.S. at 555 ("labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to avoid dismissal under Rule 12(b)(6)). Plaintiff has not plead "enough facts to

5

state a claim to relief that is plausible on its face." Id. at 570.  For example, there is no allegation that any Individual Defendant had power to making hiring or firing decisions, control work schedules or employment conditions, determine the rate or method of payment, or maintain employment records.  See Herman, 172 F.3d at 139.  Indeed, the complaint does not even allege that the Individual Defendants held supervisory or managerial positions at CHMI.  Thus, the complaint fails to adequately allege that the Individual Defendants were "employers" under the FLSA or NYLL.

B. Leave to Amend

Plaintiff seeks leave to amend the complaint.  (See Pl. Mem. at 7.)  Leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But leave should be denied in the case of delay, bad faith, futility, or prejudice to the non-moving party.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 603-04 (2d Cir. 2005).

First, to permit an amendment at this point would cause unjust delay.  On September 26, 2008, the Court granted plaintiffs leave to amend their complaint by October 24, 2008, but plaintiffs declined to do so.  (Doc. #11 (Civil Case Management Plan and Scheduling Order).)  At this point, the deadline for the completion of fact discovery has passed (see id.), and granting leave to amend would prejudice defendants.  Second, it appears that an amendment would be futile.  Plaintiffs request leave to amend "in order to remove any named defendants judged not to be Plaintiffs' employers."  (Pl. Mem. at 7.)  Such an amendment would not cure the defects in the complaint described above.

## CONCLUSION

For the foregoing reasons, the motion of Daniel Paritti, Tamara Romero, Anthony Woods, Guangnan Yi, Shuk P. Leung, Kwockching Ho, and Namtin Chan to dismiss for failure to state a claim is granted, and plaintiff's request for leave to amend is denied.

SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York<br>
April 8, 2009