USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-23-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
XUE LIAN LIN, CHING YEUNG, CHI YEUNG,
YU TING HUANG, YUK KAM YEUNG, YU
ZHANG, YAN YUN ZHAO, Individually and on
Behalf of Others Similarly Situated,

                        Plaintiffs,

-against-

COMPREHENSIVE HEALTH MANAGEMENT,
INC.,

                        Defendant.
------------------------------------------------------------x

08 Civ. 6519 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

        This is a joint motion for a telephonic hearing and approval of settlement agreement. The parties report that they do not wish the terms of the settlement to be divulged, except orally to the Court in a transcript to be placed under seal.

        The Complaint appears to have been brought on behalf of a class of persons and invokes Rule 23, Fed. R. Civ. P. The class is alleged to satisfy both Rule 23(b)(2)(a non-opt out class) and Rule 23(b)(3)(an opt-out class). If a class is to be certified in connection with the settlement, the parties should demonstrate why the proposed class satisfies the requirements of Rule 23 and how the procedures set forth in Rule 23(e) will be satisfied--- preliminary approval, notice to the members of the class, an opt-out period (if, in fact, a Rule 23(b)(3) class) a period for objections and a hearing at which class members are given an opportunity to be heard. If the plaintiffs are abandoning the class claims, then it may well be that the settlement procedures in Rule 23(e) will have no application and the settlement will only bind the named class

representatives. In that event, it is unclear why Court approval under Rule 23 would be necessary. See Advisory Committee Notes to 2003 Amendments at Subdivision(e), Paragraph 1.

The Complaint also appears to invoke the collective action procedures under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. The parties should also demonstrate how they satisfy the requirements for settlement of a collective action. See, e.g., Elliott v. Allstate Investigations, Inc., 2008 WL 728648 (S.D.N.Y. Mar 19, 2008)(Cote, J). They should address whether there are others beyond the named plaintiffs who are similarly situated. See Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1979).

The subject that is addressed in the motion is the desire of the parties for confidentiality of the settlement. There are two possibilities: judicial approval is required of the fairness of the settlement or it is not required. If it is required, as would appear to be the case, then the approval process is a judicial act. Any document reflecting the terms of the settlement and submitted to the Court is a "judicial document" to which the presumption of access likely applies. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Conclusory statements in a memorandum of law are insufficient to overcome the presumption of access. This Court will not be party to an effort to circumvent public access by having the settlement amount divulged to the Court orally and not reflected in a document so that there will be no document to which the public's right of access can attach.

\

The joint motion requesting Telephone Hearing and Approval of Settlement Agreement is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 22, 2009